Roger N. Behle, Jr., State Bar No. 174755
Muhammed T. Hussain, State Bar No. 259234
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile:  (714) 546-5005

Attorneys for Plaintiff,
SALT OPTICS, INC.

Golnar J. Fozi, State Bar No. 167674
Jeremy M. Dwork, State Bar No. 254013
MEYERS FOZI, LLP
1925 Palomar Oaks Way, Suite 110
Carlsbad, California 92008
Telephone: (760) 444-0039
Facsimile: (760) 444-0130

Attorneys for Defendant
NABIL SAMADANI d/b/a SALT SURF

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALT OPTICS, INC., a California Corporation,<br><br>           Plaintiff,<br><br>   vs.<br><br>NABIL SAMADANI d/b/a SALT SURF, and DOES 1 through 10, inclusive.<br><br>           Defendants. | Case No.:  8:14-cv-01031-JLS-DFMx<br><br>*Assigned to District Judge Josephine L. Staton*<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

   2.1.  Party: any party to this action, including all of its officers, members, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   2.2.  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.3.  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

   2.4.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.5**. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.6**. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**2.7**. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

**2.8**. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.9**. <u>House Counsel</u>: attorneys who are employees of a Party.

**2.10**. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

**2.11**. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.12**. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1**.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates Protected Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of Protected Material that qualify – so that other portions of the material, documents, items, or communications within the Protected Material, but for which protection is not warranted, are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations of Protected Material are prohibited.  Designations that are determined by the Court to be unjustified or made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. Notwithstanding the foregoing, a claim by the Receiving Party that the Designating Party has unjustifiably or improperly designated Protected Material shall not be conclusive, provided the Designating Party maintains a good faith basis for designating the Protected Material.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2**.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

1  stipulated or ordered, material that qualifies for protection under this Order must
2  be clearly so designated before the material is disclosed or produced.

3       Designation in conformity with this Order requires:

4       a) for information in documentary form (apart from transcripts of
5  depositions or other pretrial or trial proceedings), that the Producing Party affix the
6  legend "CONFIDENTIAL".

7       A Party or non-party that makes original documents or materials
8  available for inspection need not designate them for protection until after the
9  inspecting Party has indicated which material it would like copied and produced.
10 After the inspecting Party has identified the documents it wants copied and
11 produced, the Producing Party must determine which documents, or portions
12 thereof, qualify for protection under this Order, then, before producing the
13 specified documents, the Producing Party must affix the appropriate legend
14 ("CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY") at the
15 top of each page that contains Protected Material.

16      b) for testimony given in deposition, that the Party or nonparty
17 offering or sponsoring the testimony shall ensure that only persons permitted to
18 have access to the testimony are present during the testimony and shall identify on
19 the record, before the close of the deposition, all protected testimony. When it is
20 impractical to identify separately each portion of testimony that is entitled to
21 protection, and when it appears that substantial portions of the testimony may
22 qualify for protection, the Party or nonparty that sponsors, offers, or gives the
23 testimony may invoke on the record (before the deposition is concluded) a right to
24 have up to 20 days to identify the specific portions of the testimony as to which
25 protection is sought and to designate the same as "CONFIDENTIAL" or
26 CONFIDENTIAL-ATTORNEYS EYES ONLY." In the case of Protected
27 Material that is "CONFIDENTIAL ATTORNEYS EYES ONLY" referenced or
28 used during a deposition, the Designating party shall have the right to exclude

from the deposition those persons not qualified to view or receive the information, per the terms of this Order. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

**5.3**.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

**6.1**.    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial

unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2**.   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party in compliance with Local Rule 37-1.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in a good faith meet and confer process first.

**6.3**.   <u>Judicial Intervention</u>.  Prior to filing any motion, counsel for the parties shall meet and confer in compliance with Local Rule 37-1.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a written joint stipulation pursuant to Local Rules 37-2, 37-2.1, and 37-2.2, and a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall initially be on the challenging party and then, if the challenging party has met its initial

burden, the burden of persuasion shall shift to the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1**. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2**. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a) the Receiving Party's Outside Counsel of record in this action, as well as attorneys, staff and employees of said Counsel's firm to whom it is reasonably necessary to disclose the information for this litigation;

b) not more than (i) two officers, directors, members and employees (including House Counsel) of the Receiving Party, or (ii) outside counsel (who need not be of record in this action) of the Receiving Party;;

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

d)	the Court, its personnel, the trier of fact and those in attendance during a court proceeding, including pre-trial, trial, post-trial and appellate proceedings;

e)	court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

f)	during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

g)	the author of the document or the original source of the information; and

h)	an officer, director or employee of the Designating Party.

**7.3**.	<u>Disclosure of "CONFIDENTIAL-ATTORNEYS EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" solely and only to those persons identified in Paragraph 7.2(a),(c),(d),(e),(g) & (h).

**8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

///

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

A party may not file in the public record in this action any Protected Material, without either (i) written permission from the Designating Party, or (ii) a court order secured after appropriate notice to all interested persons providing that such Protected Material shall be filed under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Any motion

or application to file Protected Material under seal shall be directed to the judge to whom the papers are directed.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must: (a) return all Protected Material to the Producing Party; or (b) destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

**12.1**. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2**. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

1  any ground to use in evidence of any of the material covered by this Protective
2  Order.
3        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5  DATED:  February 19, 2015   **FOLEY BEZEK BEHLE & CURTIS, LLP**

7                          By:   */s/ Roger N. Behle, Jr.*
8                                Roger N. Behle, Jr.
9                                Attorneys for Plaintiff
                              SALT OPTICS, INC.

11 DATED:  February 19, 2015   **MEYERS FOZI, LLP**

13                         By:   */s/ Jeremy M. Dwork*
14                               Golnar J. Fozi
15                               Jeremy M. Dwork
                              Attorneys for Defendant
16                               NABIL SAMADANI d/b/a SALT SURF

18 PURSUANT TO STIPULATION, IT IS SO ORDERED.

20 DATED: February 24, 2015   _____
21                           Hon. Douglas F. McCormick
22                           United States Magistrate Judge

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California onin the case of *Salt Optics, Inc. v. Nabil Samadani, et al.,* Case No. 8:14-cv-01031-JLS-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ _____ [print full name, business address and business telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]